LAW AND EQUITY COURT OF THE CITY OF RICHMOND

John D. Yates

v.

Layfield Motors, Inc.

December 7, 1971

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today overruling the demurrer and which also sets forth the court's rulings on certain objections to interrogatories.

The issue raised by the demurrer in this action based on fraud and misrepresentation involving the purchase of a motor vehicle is whether punitive damages may be recovered in such an action under the Uniform Commercial Code. The plaintiff does not dispute that this action falls under the provisions of the UCC.

The court concludes that in Virginia the recovery of such damages is permitted by the Code, where the breach of contract is accompanied by fraudulent, willful and intentional acts.

Code § 8.1-106 provides that the remedies provided by the Code shall be liberally administered in order to put the aggrieved party in as good a position as if the other party had fully performed "but neither consequential or special nor penal damages may be had except as specifically provided in this act or by other rule of law." (Emphasis supplied) In Virginia, the rule that exemplary damages are not recoverable in actions for breach of contract does not obtain "in

those exceptional cases where the breach amounts to an independent, willful tort, in which event exemplary damages may be recovered under proper allegations of malice, wantonness, or oppression. . . ." Wright v. Everett, 197 Va. 608, 615 (1966). It is, therefore, clear that in this state the "rule of law" permits punitive damages to be recovered where the action arises out of a breach of contract under the facts alleged in this amended motion for judgment.

The defendant here argues that under Code §§ 8.2-714 and 8.2-715 as well as under Code § 8.2-721, the plaintiff may not recover punitive damages in this action.

While there is a paucity of reported cases on this point, those courts which have had occasion to rule on the issue have decided that punitive damages are recoverable in a suit brought on a contract governed by the UCC in addition to the buyer's remedies set forth in the Commercial Code. In Grandi v. LeSage, 399 P.2d 285, 293 (N.M. 1965), punitive damages were held to be properly awarded in an action for breach of contract accompanied by fraudulent acts, wanton in character and maliciously intentional, where compensatory damages had been granted. The Supreme Court of New Mexico reasoned, in this action brought for rescission relating to the purchase of a race horse, that since Commercial Code § 2-711 permitted recovery of damages in an action for rescission, punitive damages may likewise be recovered in such an action where the breach is accompanied by fraudulent acts which are wanton, malicious and intentional. The case law of New Mexico establishes the same rule as set forth in the Everett case, supra. See Stewart v. Potter, 104 P.2d 736, 740 (N.M. 1940). Even though a return of the automobile is asserted in paragraph 6 of the amended motion for judgment herein, this is not an action for rescission, but appears to be an action arising out of a breach of contract in regard to accepted goods. Code § 8.2-714. The same reasoning would seem to apply in such a case as would apply in a suit for rescission and since the Commercial Code allows recovery in damages in regard to accepted

goods, it would follow that punitive damages may be properly awarded upon proof that the breach of contract was accompanied by an independent, willful tort.

The defendant asserts that Code § 8.2-721 restricts the damages recoverable for material misrepresentation or fraud to those set forth in Code § 8.2-714 and § 8.2-715. As the Official Comment points out, this section does not restrict the remedies for fraud, but rather extends the remedies to include those which are available for non-fraudulent breach. The court does not construe this section to mean that punitive damages may not be recovered for fraudulent misrepresentation, but reads it to mean that damages for non-fraudulent breach are included within the scope of remedies available for a fraudulent breach.

In short, the court holds that under § 8.1-106 penal or punitive damages which are authorized by "other rule of law," i.e., the case law of Virginia in this instance, may be properly recovered in an action governed by the Uniform Commercial Code. See Anno. "Construction and Effect of UCC Article 2, Dealing With Sales," 17 A.L.R.3d 1010, 1118. Parenthetically, it is noted that should the defendant's position be sustained, this would amount to a ruling by the court that our Legislature in enacting the Uniform Commercial Code meant to abrogate and overrule the settled law of this Commonwealth which allows punitive damages to be recovered in actions arising out of a breach of contract. Such a drastic change in our case law could not have been intended.

In view of the above ruling, the court has again considered the objections to the various interrogatories propounded by the plaintiff which had not been ruled on heretofore, and has concluded that the objections should be overruled to interrogatories 9, 10, 11, 15, 17, 20 and 23 and that the defendant should answer these interrogatories by December 17, 1971.

The objection to interrogatory 16 is sustained for the reason that the period covered therein (one year) is too long and that it would be burdensome for the defendant to furnish such detailed information for such a long period of time. This is not to say that the court would not require such an interrogatory to be answered if it covered a shorter period of time.